UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:17-CR-025 |
| | ) | |
| JEFFREY M. TOWNSEND | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 441]. The United States has responded in opposition. [Doc. 443]. For the reasons that follow, the motion will be denied.

## I. BACKGROUND

In October 2017, this Court sentenced the defendant to a term of 168 months' imprisonment for conspiring to distribute methamphetamine. The defendant is presently housed at FCI Ashland with a scheduled release date of February 15, 2029. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 28, 2020). He now moves for compassionate release due to respiratory and cardiac issues along with the COVID-19 pandemic. The defendant also asks that counsel be appointed on his behalf.

## II. SECTION 3582

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

As argued by the United States, the Court finds that the present defendant has not exhausted the administrative remedies specified in § 3582. Attached to his motion is a July 1, 2020 message to his warden requesting home confinement under the CARES Act. That request was denied. The request did not mention compassionate release or § 3582.

Seeking home confinement under the CARES Act is wholly distinct from asking the Bureau of Prisons to file a compassionate release motion on his behalf under § 3582(c)(1)(A)(i). There is nothing in the present record documenting that the defendant has asked his warden to file a compassionate release motion.

It remains a defendant's burden to show that he has exhausted the administrative remedies specified in § 3582(c)(1)(a)(i). *See United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020). That specific exhaustion requirement in § 3582(c)(1)(A)(i) "remains a mandatory condition" in this circuit. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). It is the defendant's responsibility to ask his warden to file a § 3582(c)(1)(A) motion on his behalf, and the defendant may not file a compassionate

release request in this Court until after he has done so <u>and</u> not until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Because the defendant has not demonstrated compliance with that exhaustion requirement, his compassionate release request in this Court must be denied and dismissed without prejudice. *Alam*, 960 F.3d at 836.

### III. CARES ACT

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement. However, the CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. The Court therefore does not have power to grant relief under Section 12003 of the CARES Act.

### IV. CONCLUSION

To the extent that the defendant moves for home confinement under the CARES Act, his motion [doc. 441] is **DENIED**. To the extent that he moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), his motion is **DENIED AND DISMISSED WITHOUT PREJUDICE**. The defendant's request for appointment of counsel is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

3

Case 3:17-cr-00025-RLJ-CCS   Document 444   Filed 10/02/20   Page 3 of 3   PageID #: 3688